# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRIAN SALLE,**

**Plaintiff,**

-vs-                                                            **Case No.  6:07-cv-1089-Orl-31DAB**

**GARNER W. MEADOWS,**

**Defendant.**

_____

# ORDER

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Doc. 48), Defendant's Motion for Partial Summary Judgment (Doc. 53) and the responses thereto (Docs. 56 and 58).

## I. Standard of Review

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving

party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp*., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

"Courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party . . . [e]ven though the facts accepted at the summary judgment stage of the proceedings may not be the actual facts of the case." *Davis v. Williams,* 451 F.3d 759, 763 (11th Cir. 2006) (internal citations and quotations omitted). The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Herzog v. Castle Rock Entertainment,* 193 F.3d 1241, 1246 (11th Cir. 1999).

## II. Legal Analysis

This case rises under the Anti-Cybersquatting provisions of the Lanham Act, specifically 15 U.S.C. §§ 1125 (d) and 1129(a). First, Plaintiff seeks relief under, 15 U.S.C. § 1129, which states that:

> Any person who registers a domain name that consists of the name of another living person, or a name substantially and confusingly similar thereto, without that person's

consent, with the specific intent to profit from such name by selling the domain name for financial gain to that person or any third party, shall be liable in a civil action by such person.

15 U.S.C. § 1129(a).

Defendant admits that he purchased the domain name <www.BrianSalle.com> for less than $10.00 and attempted to sell it to Plaintiff for $9,500. However, Defendant argues that he had no intent to profit when he registered the domain name, because he merely attempted to recover money that he was owed by Plaintiff. Plaintiff argues that this distinction is irrelevant, particularly because the debt alleged by Defendant is actually owed by Crab Cay Corporation[1], not Plaintiff.

While the issue of whether Plaintiff actually owes Defendant $9,500 is in dispute, this issue is not material because, as this Court has previously stated, cyber-extortion is not a permissible way to recover a debt. Therefore, this Court finds that Plaintiff is entitled to summary judgment in his favor with regard to his claim under 15 U.S.C. § 1129.

Plaintiff also seeks relief under 15 U.S.C. § 1125(d) which states that:

A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person –
(i) has a bad faith intent to profit from that mark, **including a personal name which is protected as a mark under this section**; and
(ii) registers, traffics in, or uses a domain name that –
(I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
(II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or
(III) is a trademark, word, or name protected by reason of section 706 of title 18, United States Code, or section 220506 of title 36, United States Code.

15 U.S.C. § 1125(d)(1)(A)(bold font added).

---

[1]Plaintiff is admittedly an officer of Crab Cay Corporation.

The parties dispute the meaning of the statement "a personal name which is protected as a mark under this section". Defendant argues that this is a restrictive clause, indicating that § 1125(d) applies only to personal names that have trademark protection under the Lanham Act, while Plaintiff argues that this is an unrestrictive clause, indicating that *all* personal names are protected as trademarks under this section. This Court finds Plaintiff's interpretation simply implausible.

Plaintiff argues that, if Defendant's interpretation is adopted, it would render twenty-six words of the statute meaningless. However, if Plaintiff's interpretation is to be adopted, then § 1129 would be rendered meaningless. If Congress intended for all personal names to be protected as trademarks, there would be no need for a separate section protecting personal names from cyber-squatting. Furthermore, the entire body of law that deals with trademark protection for personal names would be superfluous. Therefore, this Court finds that the plain language of § 1125(d), the context of the statute and common sense, support Defendant's argument that Plaintiff must demonstrate that his name is protected as a trademark under the Lanham Act to succeed with his claim under § 1125(d)

In this instance, Plaintiff has failed to present sufficient evidence that his name, Brian Salle, is a protected mark under the Lanham Act. Plaintiff states that "[i]t is indisputable that 'Brian Salle' is 'distinctive'" (Doc. 48 at 9) and provides this Court with nothing more to support this contention than his own affidavit that he is well known statewide in the real estate and transportation industries (Doc. 58-2). Despite Plaintiff's bold assertions, this Court cannot find that his name is a protected mark under the Lanham Act. Therefore, Defendant is entitled to summary judgment on this claim.

**III. Conclusion**

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 48) is **GRANTED** in part and **DENIED** in part and Defendant's Motion for Partial Summary Judgment (Doc. 53) is **GRANTED**. Judgment shall be entered in favor of Plaintiff with regard to his claim under 15 U.S.C. § 1129 and in favor of Defendant with regard to the claim under 15 U.S.C. § 1125(d). Plaintiff shall have leave to file a motion requesting any such relief that he believes he is entitled to under 15 U.S.C. § 1129 no later than February 4, 2008.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 17, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party