**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRIAN SALLE,**

            **Plaintiff,**

**-vs-**                                  **Case No. 6:07-cv-1089-Orl-31DAB**

**GARNER W. MEADOWS,**

            **Defendant.**

_____

# ORDER

This matter comes before the Court on Plaintiff's Motion to Tax Attorneys' Fees and Costs (Doc. 62) and Defendant's Response thereto (Doc. 70).

**I. Background**

Plaintiff Brian Salle ("Salle") filed this action against Defendant Garner Meadows ("Meadows") for violations of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. §§ 1125(d) and 1129 ("the ACPA") on June 26, 2007. Subsequently, Salle filed a Motion for Preliminary Injunction (Doc. 6) which was granted by this Court on August 6, 2007. (*See* Doc. 31). The preliminary injunction entered by this Court required, *inter alia*, that Meadows transfer ownership of the domain name <www.briansalle.com> to Salle, which Meadows did on August 13, 2007. (*See* Doc. 33).

The parties then filed cross-motions for summary judgment (Docs. 48 and 53). On December 17, 2007, this Court entered an Order (Doc. 59) granting Defendant's Motion for Partial Summary Judgment, granting in part and denying in part Plaintiff's Motion for Summary

Judgment and directing the Clerk to enter judgment "in favor of Plaintiff with regard to his claim under 15 U.S.C. § 1129 and in favor of Defendant with regard to the claim under 15 U.S.C. § 1125(d)." (Doc. 59 at 5). This Court also granted Plaintiff "leave to file a motion requesting any such relief that he believes he is entitled to under 15 U.S.C. § 1129 no later than February 4, 2008." (Doc. 59 at 5).

Pursuant to that Order, Plaintiff filed the instant motion for costs and attorneys' fees on February 4, 2008. Magistrate Judge Baker then issued an Order (Doc. 68) denying as untimely the motion for taxation of costs, and Plaintiff filed an Objection to that Order (Doc. 69), pursuant to Federal Rule of Civil Procedure ("Rule") 72(a).

**II. Objection to Judge Baker's Order on the Motion for Costs**

Judge Baker denied Plaintiff's Motion for Costs because any party seeking taxation of costs pursuant to Rule 54 must do so within 14 days of judgment. (Doc. 68 at 1). However, Plaintiff's motion seeks taxation of costs pursuant to 15 U.S.C. § 1129(2), not Rule 54. Therefore, Plaintiff's motion was timely and Judge Baker's decision shall be vacated.

**III. Entitlement to Costs and Fees under 15 U.S.C. § 1129(2)**

The following remedies are available under 15 U.S.C. § 1129 ("§ 1129")

> [I]njunctive relief, including the forfeiture or cancellation of the domain name or the transfer of the domain name to the plaintiff. The court may also, in its discretion, award costs and attorneys fees to the prevailing party.

15 U.S.C. § 1129(2).

This lawsuit is the result of Meadows' attempt to cyber-extort $9,500 which he believes he is owed by Salle. Given the equitable nature of the injunctive relief granted, it is appropriate to

award Salle the cost of obtaining such relief. Accordingly, the Court exercises its statutory discretion to award Plaintiff costs and fees for the § 1129 claim.

Conversely, Plaintiff's claim under § 1125(d) was not meritorious. Thus, Plaintiff's claim for fees incurred after August 13, 2007, when the preliminary injunction was complied with, will be denied.

## IV. Lodestar

In determining the reasonable amount of attorneys' fees to be awarded, federal courts use the "lodestar" approach, which involves two steps. "First, the court [is] to calculate the 'lodestar,' determined by multiplying the hours spent on a case by a reasonable hourly rate of compensation for each attorney involved. Second, using the lodestar figure as a starting point, the court could then make adjustments to this figure, in light of '(1) the contingent nature of the case, reflecting the likelihood that hours were invested and expenses incurred without assurance of compensation; and (2) the quality of the work performed as evidenced by the work observed, the complexity of the issues and the recovery obtained.'" *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)(internal citations omitted).

*A. Hourly Rates*

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985). With respect to rates, an applicant may meet his burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299. (11th Cir.1988). In addition, the court may use its own

expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id*. at 1303.

Plaintiff seeks compensation for two attorneys: Lawrence G. Walters ("Walters") and Marc J. Randazza ("Randazza"). Walters graduated from law school in 1988 and is a partner in the law firm of Weston, Garrou, DeWitt & Walters ("Weston"). He states that he bills his time at a rate of $425.00 per hour. Randazza graduated from law school in 2000, is a professor of trademark law at the law school level and is an associate with Weston. Plaintiff requests an hourly rate for Randazza of $250 per hour. Plaintiff has submitted the affidavit of Gregory Herbert, Esq., who states that he believes that these rates are reasonable in this market for attorneys with comparable experience and reputation. (Doc. 63 at 3-4). This Court agrees with regard to Mr. Randazza, however, the rate of $425.00 for Mr. Walters is excessive for this market. Instead, this Court finds that a reasonable hourly rate for an attorney of Mr. Walters experience and reputation is $350.00 per hour. Plaintiff also requests compensation for Lisa Brown, a paralegal, at a rate of $75.00 per hour, which is not challenged and this Court finds to be reasonable.

*B. Number of Hours*

With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under *Hensley*, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. at 434. A fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal. *See Gray v. Lockheed Aeronautical Systems Co.*, 125 F.3d 1387 (11th Cir. 1997). Objections to time records must be specific and accompanied by an explanation

supporting the challenge and, unless clearly non-compensable, all hours should be accepted. Where a defendant has not disputed the plaintiff's computation of the amounts in the time records, the adjusted totals will be calculated simply by subtracting from the plaintiff's total the amounts that are determined to be excludable. *See, e.g., American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F.Supp.2d 1301, 1314-15 (M.D. Fla. 2003)

Plaintiff has submitted very detailed time records (Doc. 64-2) which allow this Court to properly analyze whether the claimed hours were appropriately spent on this case. Defendant argues that it was excessive for Plaintiff's counsel to spend a total of 20 hours drafting the Motion for Preliminary Injunction and 11.5 hours preparing for the hearing on said motion. However, rather than offer alternative time allocations or indicate an objection to any specific time entry, Defendant simply requests that this Court lower the requested attorneys' fees "by 15% for lack of billing judgment." (Doc. 70 at 16). This Court declines to make such an across the board reduction

Plaintiff's records indicate that 85.6 hours were spent on this case up to and including August 13, 2007. This Court's only concern with these time records is that it appears that there are some time entries involving litigation of a state court claim involving these same parties. In particular, the following time entries – shown in bold font – appear to relate to the state court case:

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| 6/11/07 | Randazza | **Exchanged messages with office and sent message to SRR regarding transmission of copy of Complaint filed in state court** | 0.20 |
| 6/20/07 | Walters | **Telephone conference with SRR regarding results of injunction hearing and litigation strategy** | 0.50 |

| 6/21/07 | Walters | **Conference with SRR regarding results of second injunction hearing in state court**; prepared memo to MJR regarding filing of suit and settlement discussions | 0.50 |
|---|---|---|---|
| 6/21/07 | Walters | Assisted in preparing complaint; prepared memo regarding same; **conference with MJR regarding dropping parties; receipt and review of Notice of Dropping Party** | 0.85 |

The Complaint in this matter was not filed until June 26, 2007 and the injunction hearing was not held until August 6, 2007. Therefore, these entries must be attributable to the state court case and this Court finds that Plaintiff's hours must be reduced by 1.4 hours. After making this adjustment, this Court finds that Plaintiff is entitled to the following attorneys' fees:

| <u>Name</u> | <u>Hours</u> | <u>Hourly Rate</u> | <u>Total</u> |
|---|---|---|---|
| Walters | 35.7 | $350.00 | $12,495 |
| Randazza | 47.5 | $250.00 | $11,875 |
| Brown | 1.0 | $75.00 | $75 |
| | | **TOTAL:** | **$24,445** |

**V. Costs**

Plaintiff also requests costs for filing the Complaint in Federal Court ($350.00) and service of process on Meadows ($35.00).[1]  The Court finds that these costs are reasonable and recoverable.

---

[1] These represent only costs incurred prior to August 13, 2007 for the reasons discussed above.

**VI. Conclusion**

For the reasons stated herein, it is

**ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 62) is **GRANTED** in part and **DENIED** in part, Judge Baker's Order Denying the Motion for Costs (Doc. 68) is **VACATED** and the Clerk is directed to enter judgment in favor of Plaintiff Brian Salle for attorneys' fees and costs in the amount of $24,830.00.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 21, 2008.

Copies furnished to:

Counsel of Record

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE